[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3355
This action, brought by the Lafayette Bank and Trust Company against the defendants Roderick G. Taylor d/b/a Woodbury Ski and Racquet, Inc., MBRE Productions, Inc., and, Ebong Udoma is in four counts.
The first count alleges that on or about July 5, 1991, the defendant Taylor issued a check in the amount of $13,854.02 payable to the order of MBRE, which check was endorsed by MBRE and deposited into its account with the plaintiff bank on July 8, 1991. On the same date, MBRE issued a check in the same amount payable to one Conover Production Services. When depositing the Taylor check, Udoma, president of MBRE, advised the plaintiff's agent, one, Ms. Cybart, that he was not sure the Taylor check was "good." Ms. Cybart then checked with Centerbank, the drawee bank on the Taylor check, and being told that there was at the time, insufficient funds to pay the Taylor check, Ms. Cybart issued a "Notice of Hold" to MBRE, advising that funds on the Taylor check would not be available until the third business day after the deposit (July 11, 1991). In addition, Ms. Cybart verbally told Udoma not to draw any checks against said deposit until July 11, 1991. She was unaware that the Conover check had been drawn on the same date as the deposit of the Taylor check, nor, that Udoma had disregarded her order. On July 11, 1991, the Conover check was presented to the plaintiff bank for payment and since the three-day notice of hold had expired, payment was approved. The following day, July 12, 1991, plaintiff bank received back the Taylor check marked "insufficient funds."
The second count is directed against MBRE based on its endorsement of the Taylor check.
The third count alleges unjust enrichment against MBRE.
The fourth count alleges a written personal guarantee by Udoma to reimburse the plaintiff in the amount of the Taylor check.
All defendants filed answers which essentially denied everything and in the case against MBRE and Udoma, special defenses which alleged that the plaintiff was negligent in disregarding orders not to pay the Conover check until the Taylor check had cleared.
Subsequently, the Taylor answer was amended to add eight special defenses, most of which had no bearing on the plaintiff's claim, CT Page 3356 except for the sixth, seventh and eighth defenses which essentially alleged the same defense as MBRE and Udoma, that the plaintiff had ignored Udoma's directive not to pay the Conover check until the Taylor check had cleared.
With respect to the special defenses of both defendants directed against the plaintiff's claims, the short answer is that the court cannot find that Udoma directed the plaintiff to hold the Conover check until Taylor's had cleared. The evidence is overwhelming that the plaintiff bank was unaware that the Conover check had been issued and that Udoma was expressly told not to issue checks on the Taylor check deposit for three days.
In addition, the defendants filed cross-complaints against each other containing many claims and allegations, most of which were unsupported in the evidence. This, the court feels, may in large part be due to the fact that prior to the trial of this case, Taylor's counsel withdrew and left him pro se, while MBRE and Udoma's counsel was present, but these defendants did not appear. The matter of the cross-complaints will be treated subsequently.
Returning to the plaintiff's complaint, the court finds that it can add nothing to the excellent brief of plaintiff's counsel, both as to the factual discussion and legal argument presented therein.
The issues are found in favor of the plaintiff as against all defendants on all counts.
Judgment may enter in favor of the plaintiff to recover against the defendants $13,854.02 damages together with statutory interest.
It should be noted at this time that the plaintiff, in addition to all other claims is asserting a right to an additional 12% interest on the judgment in accordance with Conn. Gen. Stats.52-192a, having recovered an amount greater than requested in his offer of judgment dated May 22, 1991. The court is not prepared to decide this issue without affording all parties an opportunity to be heard.
Turning now to the cross-complaints filed by the defendants against each other, defendant Taylor's cross-complaint alleges an agreement dated July 4, 1991, which in essence provided for the filming of a concert at the Woodbury Ski and Racquet Area owned by Taylor. According to the provisions of the agreement, Taylor agreed to advance to MBRE the sum of $13,854.02 for production and editing CT Page 3357 costs. The defendants agreed that Taylor would receive the films of certain concert bands for his exclusive use, that MBRE as agent for Taylor would negotiate all broadcast deals and/or any subsequent sale of the third world film, that all such deals and/or sales would be subject to joint approval, that all talent clearances and contracts would also be subject to joint approval, and that the first $13,854.02 gained from the sale or broadcast of the film would be given to Taylor as reimbursement for the initial amount paid by him for production and editing costs. Taylor asks for indemnification for any judgment obtained by the plaintiff against him, based on a claimed breach of the contract by MBRE and Udoma.
In their cross-complaint, MBRE and Udoma also claim breach of contract and the failure of Taylor to make good on the dishonored check. As a result, they, also, ask for indemnification in the event they are held liable to the plaintiff.
It would serve no useful purpose for this court to torturously attempt to weigh the defendants' cross-complaints of breach of contract against each other. The pleadings in the respective cross-complaints and the defendant Taylor's brief are replete with mutual allegations against each other. The fact remains that there is no testimony persuading the court to find that either defendant has proved the allegations of its cross-complaint by a fair preponderance of the evidence. Taylor's testimony was sparse, and only in response to questions asked by plaintiff's counsel. Udoma did not even appear at the trial and the court heard no testimony from him.
The court finds for the defendants in the cross-complaint of Taylor against MBRE and Udoma and for the defendant Taylor in the cross-complaint by MBRE and Udoma.
Judgment may enter accordingly.
BELINKIE, JUDGE TRIAL REFEREE CT Page 3358